UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | NOS.  CR-04-0139-LRS |
| | ) | CV-06-0253-LRS |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| CELERINO SANCHEZ-ROSAS, | ) | MOTION |
| Petitioner. | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 5, 2006 (Ct. Rec. 98, CR-04-0139-LRS, Ct. Rec. 1, CV-06-0253-LRS).   The Motion is submitted by Celerino Sanchez-Rosas, who is appearing *pro se* for the purposes of these proceedings.   Additionally, Mr. Celerino-Rosas has filed a Motion for Appointment of Counsel (Ct. Rec. 100).

## I. BACKGROUND

Mr. Celerino-Rosas was indicted on July 8, 2004 for Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, specifically 56.1 grams in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846; and Knowingly and Intentionally Distributed 50 Grams or More of Actual Methamphetamine, specifically 56.1 grams, in violation of 21 U.S.C. §841(a)(1).   Mr. Celerino-Rosas pled guilty to Count Two

ORDER - 1

of the Indictment on March 16, 2005 with a written plea agreement.  On July 12, 2005, Mr. Celerino-Rosas was sentenced to a 120-month term of imprisonment with five years supervised release; and a special assessment of $100.  Mr. Celerino-Rosas filed a direct appeal of his judgment and sentence on July 22, 2005.  On July 26, 2005 Jeffry K. Finer was appointed to represent Mr. Sanchez-Rosas.  The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court on September 22, 2006.  Mr. Celerino-Rosas contends that his sentence is unconstitutional based on one ground: ineffective assistance of counsel.  Ct. Rec. 98, at 5.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.  This inquiry necessitates a twofold analysis:  (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648

F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief.  *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").  No evidentiary proceedings are required in this Court.  *High v. Head*, 209 F.3d 1257, 1263 (11th Cir.2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding § 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of

1    the motion and any annexed exhibits and the prior proceedings in the

2    case that the movant is not entitled to relief in the district court."

3    Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.   Thus, when a movant fails to

4    state a claim upon which relief can be granted or when the motion is

5    incredible or patently frivolous, the district court may summarily

6    dismiss the motion.   *Cf. United States v. Burrows*, 872 F.2d 915, 917

7    (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir.

8    1985).

9        **A.  MOTION FOR APPOINTMENT OF COUNSEL**

10           Generally, there is no constitutional right to counsel in a civil

11   case.   United States v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995).

12   However, pursuant to 28 U.S.C. §1915(e)(1)(formerly 28 U.S.C.

13   §1915(d)), this court has discretion to request volunteer counsel for

14   indigent plaintiffs in exceptional circumstances.   *Wilborn v.*

15   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).   While this court may

16   request volunteer counsel in exceptional circumstances, it has no

17   power to make a mandatory appointment.   *Mallard v. U.S. Dist. Court of*

18   *Iowa*, 490 U.S. 296, 301-08 (1989).   Moreover, there are no funds

19   available to pay the services of such volunteer counsel.

20           In order to determine whether exceptional circumstances exist,

21   this court evaluates the plaintiff's likelihood of success on the

22   merits and the ability of the pro se plaintiff to articulate his or

23   her claim in light of the complexity of the legal issues involved.

24   *$292,888.04*, 54 F.3d at 569.   However, "[n]either of these factors is

25   dispositive and both must be viewed together before reaching a

26

ORDER - 4

1  decision on request of counsel under §1915(d)." *Wilborn*, 789 F.2d at

2  1331.

3      Although it does appear that plaintiff has no chance of

4  succeeding on the merits of his claims, it is clear from reviewing his

5  pleadings that he has no difficulty articulating his claims.  And the

6  court finds that the legal issues are not so complex that plaintiff

7  cannot proceed *pro se*.  While plaintiff is free to pursue efforts to

8  secure private counsel, the court has no duty to assist in such

9  efforts where no exceptional circumstances exist.  *United States v.*

10  *30.64 Acres of Land*, 795 F.2d 796, 799, 804 (9th Cir.1986).

11      **B.  GROUND ONE–INEFFECTIVE ASSISTANCE OF COUNSEL**

12      Mr. Celerino-Rosas alleges that his attorney Mr. George Paul

13  Trejo Jr., deprived him of his constitutional right to effective

14  assistance of counsel from the very beginning and through his plea and

15  sentencing.  In support of his ineffective counsel claim, Mr.

16  Celerino-Rosas states:

17      1) Defense attorney could procure other alternatives instead of

18  induct [sic] his client to take plea;

19      2) defense attorney did not file a motion to withdraw plea after

20  safety valve disqualification;

21      3) defense attorney did not request for live witnesses who would

22  support to [sic] the petitioner.

23  Ct. Rec. 98, at 5.

24      Specifically, Mr. Sanchez-Rosas states that he was induced to

25  make his plea in ignorance of the safety valve rules.  Petitioner

26  states that 21 U.S.C. §841(b)(1)(A)(VIII) was not applicable to him

and defense counsel was deficient by admitting that this statute was
applicable to him, permitting the mandatory sentence of the 5 years.[1]
Mr. Sanchez-Rosas further asserts that defense counsel failed to file
adequate motions on his behalf from pre-plea investigation trough
[sic] sentence.  Ct. Rec. 99, at 19.   Petitioner states that defense
attorney should have demanded a "Richardson" hearing, a "Frank's"
hearing and should have filed a motion for a Bill of Particulars, a
motion to dismiss, and a motion to preserve evidence.  Id. at 20.
Mr. Sanchez-Rosas states that he "was inducted [sic] to give up his
rights to demand a speedy trial in exchange for worthless plea a
charge agreement."  Id. at 21.  Finally, Mr. Sanchez-Rosas states that
defense counsel "mayacted [sic] under conflict of interest."  Id. at
22.

The Court rejects Mr. Sanchez-Rosas's argument, and concludes
that defense counsel's performance was not deficient.  There is no
showing that counsel's efforts were not those of a reasonably
competent practitioner or that failure to seek a bill of particulars
deprived Sanchez-Rosas of the opportunity to litigate the issue. He
points to no deficient performance by trial counsel which prejudiced
his defense and deprived him of an opportunity to have a fair trial.
*Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064,
80 L.Ed.2d 674 (1984).  Likewise there is no evidence that the failure
of trial counsel to make such motions or demands for hearings impacted
Sanchez-Rosas's decision to plead guilty.

---

[1]Mr. Sanchez-Rosas received a mandatory 10 year sentence rather than
five years as stated in his argument.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the petitioner acknowledges is the relevant standard.  As required by that analytical framework:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.  In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be

ORDER - 7

considered sound trial strategy." ' *Id* . (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Finally, in conducting this inquiry, we need not apply *Strickland*'s  principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id*. at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible

ORDER - 8

1    prejudice suffered by Mr. Sanchez-Rosas. In either event, the result

2    in this case is identical.

3         According to Mr. Sanchez-Rosas, defense counsel explained the

4    plea agreement and he was satisfied with his assistance.  Further, at

5    the change of plea hearing, Mr. Sanchez-Rosas indicated that Mr. Trejo

6    had read the plea agreement to him and he understood the agreement,

7    which undermines his claim that he was induced into accepting a

8    "worthless plea."

9         In fact, it appears that Mr. Sanchez-Rosas was fully satisfied

10   with the services from Mr. Trejo.  At the change of plea hearing, the

11   following colloquy occurred:

12   THE COURT:   Have you had the opportunity and have you, in fact, fully
                  discussed those charges with your attorney"

13   DEFENDANT:   Yes, Your Honor.
     THE COURT:   Are you fully satisfied with the counsel, representation

14                and advice given to you in this case by your attorney, Mr.
                  Trejo?

15   DEFENDANT:   Yes, Your Honor.
     THE COURT:   Is your willingness to plead guilty the result of

16                discussions that you or your attorney have had with the
                  attorney for the government?

17   DEFENDANT:   Yes, Your Honor.
     THE COURT:   Was the plea agreement read and translated in the Spanish

18                language before you signed it?

19   DEFENDANT:   Yes, Your Honor.
     THE COURT:   In this case the maximum penalty carries a mandatory
                  minimum sentence of 10 years in prison, a five year term

20                of supervised release and a one hundred dollar special
                  penalty assessment.  Also where one is convicted of

21                distributing at least 50 grams of actual methamphetamine,
                  the penalty can be, and this is its maximum, life

22                imprisonment, a fine not to exceed 4 million dollars, a
                  term of supervised release that could last up to your

23                entire life, denial of certain federal benefits and a one
                  hundred dollar special penalty assessment, do you

24                understand?
     DEFENDANT:   Yes, Your Honor.

25
     Reporter's Transcript, Ct. Rec. 85, at pp. 5-6, 8.

26

ORDER - 9

The record additionally contains no evidence that Mr. Sanchez-Rosas's attorney breached his ethical duty or other duties in representing the Petitioner.   Mr. Sanchez-Rosas also had every opportunity to speak directly to the Court as to matters that he wanted taken into account in setting his sentence.   Reporter's Transcript, Ct. Re. 87, at 8.

Finally, given Mr. Sanchez-Rosas' criminal history, and admissions after his arrest and at the change of plea hearing,[2] there is no indication that Mr. Sanchez-Rosas was prejudiced, i.e., that he would have received a lesser sentence than 120 months, the sentence he received, and which was a statutory mandatory minimum. Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003).   This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.*   Here, Petitioner has not shown that a reasonable probability

---

[2]THE COURT: The elements of your-of the charge against you are set forth at page 4 of the plea agreement and involve three things.   That you knowingly and intentionally distributed a controlled substance. Secondly, that the controlled substance contained actual methamphetamine. And third, that the weight of the actual methamphetamine was more than 50 grams.   Are all three of those elements present in your case?
DEFENDANT:      Yes, Your Honor.
THE COURT:      Starting at page 4, line 21 and continuing on to page 5 and 6, is a detailed factual statement which indicates the facts upon which your plea is based.  Are those facts true and accurate to your knowledge?
DEFENDANT:      Yes, Your Honor.
Reporter's Transcript, Ct. Rec. 85, at pp. 8-9.

exists that the outcome of the case would have been different if his lawyers had given the assistance that Petitioner has alleged he should have provided. This ineffectiveness claim is without merit. The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255. Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Sanchez-Rosas's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 5, 2005 **(Ct. Rec. 98**, CR-04-0139; **Ct. Rec. 1**, CV-06-0253) is **DENIED**.

2. Petitioner's Motion for Appointment of Counsel, **Ct. Rec. 100**, filed September 5, 2006 is **DENIED**.

3. The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Spokane, Washington; and

(c) **CLOSE THESE FILES**.

**DATED** this 30th day of November, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 11